IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 JUN 16 AM 10: 31

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

AUSTIN B. JOHNSON and
BRANDON D. JOHNSON,

   Plaintiffs,

vs.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

   Defendants.

No. 05-2162-Ma/V

---

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER IMPOSING RESTRICTIONS ON PLAINTIFFS' FILING PRIVILEGES

---

   Plaintiffs Austin B. Johnson ("Austin" or "Johnson") and
Brandon D. Johnson ("Brandon") filed a <u>pro se</u> complaint on March 1,
2005 that purported to invoke the Court's jurisdiction pursuant to
42 U.S.C. § 405(g). Plaintiffs paid the civil filing fee. The Clerk
shall record the defendant as Jo Anne B. Barnhart, Commissioner of
Social Security.

   This is the fourth action Austin has filed and the third
filed by Brandon seeking to overturn an adverse decision of the
Social Security Administration ("SSA") as to Austin. The complaint
alleges that Brandon is Austin's son "and a legal beneficiary at
the time of the onset." Compl., ¶2. On October 19, 1999, Austin
filed a complaint seeking review of a decision of the Commissioner
of Social Security denying him an award of disability benefits.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 6-20-05



Austin had filed an application with the SSA on May 22, 1997, alleging he suffered from a disability with an onset date of June 1, 1994. District Judge Julia Smith Gibbons referred the case to Magistrate Judge J. Daniel Breen for report and recommendation. On September 28, 2000, Judge Breen recommended that Austin's appeal be denied and the decision of the Commissioner be affirmed. Austin objected to that recommendation. On October 28, 2000, Judge Gibbons entered an order adopting Judge Breen's report and recommendation and affirming the decision of the Commissioner. Johnson v. Apfel, No. 99-2925-G/Bre (W.D. Tenn.). Austin did not appeal.

On April 23, 2003, Austin and Brandon filed a form complaint for violations of civil rights under 42 U.S.C. § 1983.[1] Austin alleged he was granted disability benefits on February 2, 2000, after filing a subsequent claim, and his disability onset date was determined to be May 9, 1999. He alleged in conclusory fashion that the Commissioner "violated his civil rights," "violated provisions of the Social Security Act," "did not prove his findings at step three in the sequential evaluation process in the initial claim," "did not meet his burden at step five in the sequential evaluation process in the initial claim," and made his decision "in bad faith." Johnson alleged he was entitled to disability and disability insurance benefits for a period prior to May 9, 1999 because he was disabled as of June 1, 1994. Johnson, et al. v. Apfel, No. 03-2281-Ml/V (W.D. Tenn.).

---

[1]   The complaint failed to allege who Brandon was or his connection to the case and, therefore, the claims on his behalf were dismissed as frivolous.

In an order issued on May 6, 2003, District Judge Jon Phipps McCalla held that the plaintiff had no claim for damages against the SSA under 42 U.S.C. § 1983, which provides a remedy for deprivations of civil rights by state officials, not federal agencies or employees, and no claim under Bivens v. Six Unknown Fed. Agents, 403 U.S. 388 (1971), due to the comprehensive remedial scheme established by Congress in enacting the Social Security Act. The Court also held that any claims against the United States or its officers or agencies for damages are barred by sovereign immunity because no waiver has been expressed for suits seeking damages against the SSA or its employees where a disability claimant is dissatisfied with the decision of the agency.

The Court also held that, to the extent Austin sought to relitigate the Commissioner's denial of disability benefits from his application filed on May 22, 1997, his claims are fully within the scope of Johnson v. Apfel, No. 99-2925-G/Bre, and are barred by both res judicata and collateral estoppel. See C. Wright, Law of Federal Courts § 100A, at 680, 682 (1983). "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981). Neither plaintiff filed a notice of appeal in case no. 03-2281-M1/V.

Plaintiffs filed Austin's third complaint and Brandon's second on April 23, 2003. Johnson, et al. v. Barnhart, No. 03-2661-M1/V (W.D. Tenn.). That complaint alleged that Austin had been granted disability benefits after he filed a subsequent claim.

3

Although the previous lawsuit alleged that the determination was made on February 2, 2000, the complaint in case no. 03-2661 alleged that benefits were awarded on January 18, 2000 and January 29, 2000. Plaintiffs alleged that the decision to award benefits on the subsequent application constitutes a reopening of the initial claim filed on April 22, 1997. Austin admitted that he had not exhausted his administrative remedies on the subsequent decision of the Commissioner before filing a lawsuit. Instead, plaintiffs alleged that their claims were constitutional and collateral to the claim for benefits, therefore excusing the failure to exhaust administrative remedies. Plaintiffs contended that the finding of the Commissioner in the subsequent decision that Austin became disabled on May 9, 1999, was not based on substantial evidence. Plaintiffs also alleged bad faith and due process violations during the initial 1997 claim processing and determination. Plaintiffs sought a reversal of the decision that Austin had become disabled on May 9, 1999, a determination that he had become disabled on June 1, 1994, and an award of benefits to Austin for the period from June 1, 1994 until November 1, 2001. They also sought a finding of irreparable harm caused by the denial of Medicare benefits from February 2, 1998 until November 1, 2001.

On September 29, 2003, Judge McCalla issued an order dismissing the complaint. The Court held that plaintiff's claims of bad faith and due process violations asserted against the Commissioner in her official capacity were, in effect, asserted against the SSA. Those claims were addressed in case no. 03-2281-Ml/V (W.D. Tenn.), and were barred by res judicata and collateral

4

estoppel. Likewise, the alleged constitutional violations occurring during the initial review and determination process were or could have been presented in case no. 99-2925-G/Bre and are barred by res judicata. Plaintiffs were barred from pursuing an appeal of the second determination, where Austin had been awarded disability dates but with a later onset date than he had sought, due to his failure to exhaust his administrative remedies and the sixty-day limitations period contained in 42 U.S.C. § 405(g).

Plaintiffs appealed the dismissal order in case no. 03-2661, and the Sixth Circuit affirmed, stating as follows:

> The district court's jurisdiction to review the denial of social security benefits lies under § 405(g). See Willis v. Sullivan, 931 F.2d 390, 396 (6th Cir. 1991). In order to obtain judicial review, an initial determination on a claim must first be made by the Commissioner. Following the initial determination, a dissatisfied claimant may seek reconsideration. See 20 C.F.R. §§ 404.933, 404.936, 404.955. After the ALJ has issued a decision, further review may be sought before the Appeals Council. Only after the Appeals Council has issued a decision is there a "final decision" by the Commissioner within the meaning of § 405(g). Once a final decision has been made, the claimant may then file an action to review the Commissioner's decision before the appropriate federal district court. See Willis, 931 F.2d at 396.

> The Johnsons concede that they have not exhausted their administrative remedies with respect to the determination of a May 9, 1999, onset date. As there has been no final decision by the Commissioner, the district court lacked jurisdiction under § 405(g) to review that determination. See id. We are not persuaded by the Johnsons' attempt to characterize their claim as constitutional. The gist of the claim is simply that the Commissioner made an unsupported factual determination. In any event, the district court considered and rejected the Johnson' constitution-based claims when it dismissed the complaint filed on April 23, 2002 [sic] [in case no. 03-2281-Ml/V (W.D. Tenn.)]. That decision, which was not appealed, has preclusive effect.

Johnson v. Commissioner of Social Security, 97 Fed. Appx. 526, 527-28 (6th Cir. Apr. 23, 2004).

The plaintiffs' most recent complaint, which was filed on March 1, 2005, is fifty (50) pages long and almost incomprehensible. Plaintiffs apparently seek to invoke the Court's jurisdiction under 42 U.S.C. § 405(g), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and 42 U.S.C. § 1983. Plaintiffs seek to relitigate the Commissioner's decision that Austin became disabled on May 9, 1999 and to establish a disability onset date of June 1, 1994. Plaintiffs explain their filing of yet another lawsuit by claiming that "the Courts did not seem to understand the nature of the case," Compl., p. 49, and they did not have a full and fair opportunity to litigate their previous cases, id., p. 5.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999); Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir. 1983). There is an exception to this general rule, however, that permits a district court to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). Applying these

standards, plaintiffs' complaint is subject to dismissal in its entirety.

The Sixth Circuit held in <u>Johnson v. Commissioner of Social Security</u>, 97 Fed. Appx. at 528, that this Court lacks jurisdiction under 42 U.S.C. § 405(g) to review the disability onset determination of May 9, 1999. The complaint does not set forth any facts indicating the plaintiffs have taken any additional steps to exhaust that claim, and any attempts to exhaust their claim would appear to be barred by the sixty-day limitations period contained in § 405(g).

Moreover, the claims presented in this action, to the extent they are decipherable, appear to be identical to those raised in case no. 03-2661-M1/V (W.D. Tenn.), and its predecessors, case nos.99-2925-G/Bre (W.D. Tenn.), and 03-2281-M1/V (W.D. Tenn.). As such, each and every one of plaintiffs' claims is barred by <u>res judicata</u> and collateral estoppel for the reasons stated in case nos. 03-2281-M1/V and 03-2661-M1/V (W.D. Tenn.), and in the Sixth Circuit's decision in <u>Johnson v. Commissioner of Social Security</u>. Plaintiffs cannot avoid this bar by asserting new legal theories in support of their challenge to the denial of disability benefits. The doctrine of <u>res judicata</u> operates to bar any claim that the plaintiffs could have asserted in the previous lawsuits. <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); <u>Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.</u>, 973 F.2d 474, 480 (6th Cir. 1992).

Although the plaintiffs assert, without elaboration, that they did not have a full and fair opportunity to litigate the three previous cases, the Sixth Circuit has, on numerous occasions, rejected similar arguments made by plaintiffs seeking to avoid application of res judicata, reasoning that any argument the plaintiff may have about procedural decisions made in the original lawsuit should have been made in that case, either at the district court level or on appeal. See, e.g., Quality Measurement Co. v. IPSOS S.A., 56 Fed. Appx. 639, 634 (6th Cir. Jan. 8, 2003) ("RSC is essentially arguing that it should get a new trial simply because the first one was not fair. . . . The purpose of res judicata is to preclude exactly this sort of case; parties cannot relitigate an issue or claim simply because they believe the court or jury reached an incorrect result in the first case. The law provides finality to the parties by insisting they raise complaints about litigation while the case is pending. RSC should have raised the issue of unfairness in the first action, and it may not do so now."); Watts v. Federal Express Corp., 53 Fed. Appx. 333 (6th Cir. Dec. 13, 2002), cert. denied, 540 U.S. 1006 (2003); Rainey Bros. Constr. Co. v. Memphis & Shelby County Bd. of Adjustment, No. 97-5897, 1999 WL 220128 (6th Cir. Apr. 5, 1999) (per curiam); Perry v. Croucher, No. 97-3033, 1998 WL 66151, at *4 (6th Cir. Aug. 31, 1998).

Accordingly, the Court DISMISSES the complaint, in its entirety, for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3) and Apple v. Glenn.

The Court must also consider whether plaintiffs should be allowed to appeal this decision in forma pauperis, should they seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the plaintiffs must file their motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be inconsistent for a district court to determine that a complaint does not warrant service on the defendant, yet has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss the complaint for lack of subject-matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by the plaintiffs is not taken in good faith. Leave to proceed on appeal in forma pauperis

is, therefore, DENIED. Accordingly, if plaintiffs file a notice of appeal, they must pay the $255 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

Furthermore, plaintiffs' conduct in bringing this action, which is virtually identical to the two actions filed in 2003 and similar to the action filed in 1999, demonstrates a marked propensity to abuse the judicial system in an attempt to harass the defendant as well as the Court. See Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984); see also Winslow v. Romer, 759 F. Supp. 670, 677-78 (D. Colo. 1991); Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988).  The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers.  See Filipas, supra; Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); see also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1980); Green v. White, 616 F.2d

1054, 1056 (8th Cir. 1980) (per curiam); <u>Gordon v. Department of Justice</u>, 558 F.2d 618 (1st Cir. 1977); <u>Gambocz v. Yelencsics</u>, 468 F.2d 837 (3d Cir. 1972). The Court must take care not to impose restrictions that would preclude the party from all access to the courts. <u>Safir v. United States Lines, Inc.</u>, 792 F.2d 19, 24 (2d Cir. 1986); <u>Sires v. Gabriel</u>, 748 F.2d 49, 51 (1st Cir. 1984).

The Court has considered measures to prevent plaintiffs from continuing to abuse the judicial system by repeatedly attempting to litigate the same or similar meritless claims, without also completely precluding their access to the courts. <u>See, e.g.</u>, <u>Sickle v. Holloway</u>, 791 F.2d 1431, 1437 (10th Cir. 1986) (limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access); <u>see also</u> <u>Lyons v. Randall</u>, 834 F.2d 493, 496 (5th Cir. 1987) (sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity).

Accordingly, this Court ORDERS that plaintiffs shall file no further documents in this case, other than a one-page notice of appeal, and shall not file any other case in which they seek to relitigate any issue concerning, or related to, Johnson's May 22, 1997 application for social security disability benefits, which was denied, and his subsequent application for social security disability benefits, which culminated in the SSA's finding that Austin was disabled with a disability onset date of May 9, 1999. The Clerk is ORDERED not to file or otherwise accept any other documents presented by plaintiffs in this action or any new action which attempts to relitigate these matters unless specifically

11

directed to do so by a district judge or magistrate judge of this district. Any further documents in this case or any other documents attempting to relitigate these matters shall be returned to plaintiffs.

Should plaintiffs violate this order, the Court will impose further sanctions against them, including a monetary fine. Any case submitted by plaintiffs to another court that is thereafter removed or transferred to this district will result in the same sanctions as if it had been filed here initially.

IT IS SO ORDERED this _____15th_____ day of June, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

12

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in
 case 2:05-CV-02162 was distributed by fax, mail, or direct printing on
June 20, 2005 to the parties listed.

---

Austin B. Johnson
2353 Arlington Avenue
Memphis, TN 38114

Brandon D. Johnson
2353 Arlington Avenue
Memphis, TN 38114

Honorable Samuel Mays
US DISTRICT COURT